VIGIL, Chief Judge (specially concurring). {12} The majority states that the “critical issue is whether Rule 5-203(A) was violated when the DWI and traffic offense were not joined.” Majority Op. ¶ 8.1 disagree with this characterization of the issue because I conclude there was no traffic offense to join with the DWI charge in the district court. For this reason I conclude that Rule 5-203 (A) did not apply and therefore specially concur. {13} We do not have copies of all the pleadings filed in the magistrate court. See Rule 5-826(F)(2) NMRA (requiring the magistrate court clerk to file with the district court clerk a copy of all papers and pleadings filed in the magistrate court in appeals from the magistrate court to the district court). For the factual background, we are therefore required to rely on Defendant’s motion to dismiss and the State’s response. According to these pleadings, Defendant was issued a citation for speeding and arrested and charged with felony DWI (sixth offense) in the Santa Fe County Magistrate Court on November 24, 2012. Defendant was arraigned in the magistrate court on the felony DWI charge on November 26, 2012, and on December 5, 2012, the felony DWI charge was dismissed without prejudice so that the State could investigate how many prior DWI convictions Defendant actually had. There is no allegation that this was done for any improper purpose. On March 25, 2013, Defendant pleaded no contest to the speeding charge. The DWI charge was re-filed in the magistrate court on July 10,2013, as a misdemeanor DWI (second offense), and trial on the re-filed DWI case was held in the magistrate court on April 18, 2014. {14} When Defendant pleaded no contest to the speeding charge on March 25, 2013, that was the only charge pending because the separately filed felony DWI had been dismissed. When the misdemeanor DWI charge was re-filed on July 10, 2013, that was the only charge pending because the speeding case was already resolved. Thus, the joinder requirement of the magistrate court, Rule 6-306(A), was not applicable. There never were two or more offenses to join. {15} But that does not end the matter. Defendant was found guilty of the misdemeanor DWI charge in the magistrate court on April 18, 2014. He was found guilty of the only charge pending againsthim, and he appealed that conviction to the district court for a de novo trial. This meant that the case was to be tried in the district court anew as if no trial had been held in the magistrate court. State v. Armijo, No. 34,400, 2016 WL 3266595, 2016-NMSC-_, ¶ 28,_P.3d _(June 13, 2016). Defendant moved the district court to dismiss the DWI with prejudice “based on [Rule 5-203(A),] the compulsory joinder rule}.]” When Defendant filed his motion to dismiss in the district court, there was only one charge — the DWI — and there was no other crime that could be joined with the DWI under Rule 5-203(A). The district court therefore properly denied Defendant’s motion. {16} The majority does not explain how mandatory joinder under Rule 5-203(A) should be considered under these circumstances. I conclude it does not and that there was no error in denying Defendant’s motion to dismiss. Even if mandatory joinder could somehow be invoiced, Defendant would not be entitled to relief under the harmless error rule set forth in Rule 6-303(A) NMRA and Rule 6-704 NMRA. Moreover, I respectfully submit that the majority’s discussion of ABA Standards Section 13-2.3(d) and Model Penal Code Section 1.11(2) is purely advisory under the circumstances. MICHAEL E. VIGIL, Chief Judge